

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann        AUSTIN 11, TEXAS
~~XXXXXXXXXXXXXXXXXXXXXXX~~
ATTORNEY GENERAL

Mr. Frank Wright
  County Auditor
Bonham, Texas

Dear Sir:                          Opinion No. 0-1063
                                   Re: Approval of school vouchers or
                                       warrants by County Auditor.

     We are in receipt of your letter of June 29, 1939, in which you request the opinion of this department upon the following question:

"Is it necessary for the County Auditor to approve a voucher on the County Available School Fund, after it has been signed and approved by the County Board of Trustees and the County Superintendent, in order for it to be valid?"

     In 1916 the Galveston Court of Appeals held in Houston National Exchange Bank v. School District No. 25, Harris County, 185 S.W. 589, that the county auditor was not authorized or required to approve vouchers drawn on funds of the common school districts of the county. It was pointed out in this case that school funds are not funds for the use of belonging to the county, but are state funds, and the counties hold such funds as trustees for the public free schools.

     By Acts of 1917, the present Article 1652 was passed, and Article 1653 was amended so that said Articles now read as follows:

"Art. 1652. The auditor shall install in his office a school ledger showing an accurate account of all funds received and disbursed by the common school districts of his county; a bond register showing all the school bonds issued by the common school districts of his county, their rate of interest, date issued and maturity date; and he shall keep an interest and sinking fund account of such school bonds.

"Art. 1653. He shall have continual access to and shall examine all the books, accounts, reports, vouchers and other records of any officer, the orders of the commissioners' court, relating to finances of the county, and all vouchers given by the trustees of all common school districts of the county and shall inquire into the correctness of the same."

     In response to an inquiry by the County Auditor of Harris County, this department rendered a conference opinion June 27, 1917, Book 50, page 1, in which it was ruled that the statutes as amended did not confer authority upon the county auditor to disapprove vouchers drawn on school

funds, and by such disapproval prevent their payment. Again in 1927, this department rendered a conference opinion to Mr. H. A. Hodges, County Auditor of Williamson County, Book 62, page 337, holding that "school affairs of a county, administrative and financial, are under the supervision of the state and not the county; the county being merely a convenient unit through which the state functions." The opinion further held:

"We are, therefore, of the opinion that the administration and disbursement of school funds is under the control of the school bodies, and that this authority should not be limited by supervision of the county auditor and other county officials when such supervision has not been specifically authorized. That the county auditor is required to keep a record of bonds issued by the common school districts of his county, an interest and sinking fund account of such school bonds, and an account of all school funds received and disbursed; and to examine and check the correctness of vouchers which have been given by trustees of common school districts of the county, approved by the county superintendents, and paid by the county depository. That the county auditor is not required or authorized to pass on the legality of accounts and vouchers for school funds nor to approve same."

Article 2678a provides that when a resident high school student is transferred under certain circumstances, his tuition shall be paid by warrants drawn by the local board of trustees on the funds of the sending district and approved by the County Superintendent. By Article 2685 the county school trustees, acting with the county superintendent, shall apportion all available state and county funds to the school districts as prescribed by law. It is provided in Article 2687 that: "Each (county) trustee shall be paid $3.00 per day, but not to exceed $36.00 in any one year, for the time spent in attending such meetings, out of the State and County Available School Fund by warrant drawn on order of the County Superintendent and signed by the President of the County School Trustees, after approval of the account properly sworn to by the President of the County School Truestees." Under Article 2687, the County Superintendent is required to execute a bond in the sum of $1,000.00, conditioned upon the faithful performance of his duties. Article 2690 gives the County Superintendent general supervision of all matters pertaining to public education in his county. Article 2693 provides that: "The County Superintendent shall approve all vouchers legally drawn against the school fund of his county." We also call attention to Articles 2751, 2752, 2827a, 2829, 2830, R.C.S., 1925.

It is our opinion that it is not necessary for the County Auditor to approve a voucher on the County Available School Fund, after it has been signed and approved by the County Board of Trustees, and the County Superintendent, in order for it to be valid.

APPROVED JUL 13, 1939
/s/ W.F. Moore
FIRST ASSISTANT ATTORNEY GENERAL
CCC:MR:egw

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Cecil C. Cammack
Assistant